IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARL L. BARNES,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LOGAN S. CLARK ET AL.,<br><br>　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:14-CV-226 DN<br><br>Judge David Nuffer |

　　　　Plaintiff, Earl L. Barnes, is a *pro se* prisoner proceeding *in forma pauperis.* In this civil-rights complaint, 42 U.S.C.S. § 1983 (2017), he asserts his federal constitutional rights have been breached by Defendants giving inadequate medical treatment for ear and urinary-tract infections. He also raises a medical-malpractice claim under Utah state law.

　　　　Defendants move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies through the prison grievance process. (*See* Docket Entry #s 29 & 37.) Defendants support their motion with a *Martinez* report (including affidavits, medical history, and grievance policy and history) and a memorandum. (*See* Docket Entry #s 24 & 29.) Plaintiff responds to the motions, (*see* Docket Entry #s 30, 33 & 40); however, the only documents he includes supporting his argument--that he did exhaust his administrative remedies--are grievances about an unrelated incident (i.e., denial of pills based on a "cheeking" incident). The Court rules for Defendants.

　　　　Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere

factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Here, by presenting no documentation or evidence whatsoever as to grievances at level three, regarding his claims about medical treatment for his infections, Plaintiff essentially admits that he did not exhaust his claims. Thus, there is no dispute of material fact.

And, there are but two material facts: (1) the prison grievance policy requires that grievances be submitted at all three levels. (*Martinez* rep't, exh. 6, Utah Dep't of Corrs. Institutional Operations Div. Manual, chapt. Inmate Grievances, Docket Entry # 24.) (2) Plaintiff did not submit level-three grievances for his claim of inadequate medical treatment as to his ear and urinary-tract infections. Nothing else is relevant.

The United States Supreme Court and the Tenth Circuit have held that the exhaustion requirement must be met to bring a § 1983 claim in federal court under PLRA:

> [PLRA] imposes a mandatory exhaustion requirement on inmates challenging prison conditions in federal court:
>
> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."
>
> 42 U.S.C. § 1997e(a)[.] . . . An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir.2007).

*Thomas v. U.S. Bureau of Prisons*, No. 07-1426, 2008 U.S. App. LEXIS 13415, at *4-5 (10th Cir. June 24) (unpublished) (citation omitted).

Further, the United States Supreme Court has held that a prisoner must exhaust administrative remedies even when the relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734, 741 n. 6 (2001) (stressing "we will not read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise"). "An inmate properly exhausts by completing all the steps of the prison's administrative grievance process." *Hardeman v. Sanders*, No. 10-7019, 2010 U.S. LEXIS 20467, at *5 (10th Cir. Oct. 4).

The Supreme Court has held that exhaustion may not be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion" equals "'using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002)) (emphasis in original). In *Ngo*, the Supreme Court concedes "that this will prevent certain prisoner cases from proceeding, but notes that a 'centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an "invigorated" exhaustion provision, § 1997e(a).' 'Exhaustion is no longer left to the discretion of the district court, but is mandatory.'" *Tung v. Hartley*, No. 1:08-CV-457-AWI, 2012 U.S. Dist. LEXIS 30895, at *3 (E.D. Cal. Mar. 8) (citations omitted) (ellipses in original).

Here, to exhaust administrative remedies, by policy, the grieving inmate must go through each of three levels to exhaust the process and before seeking judicial relief. (*See* Casper Decl., Docket Entry # 24-1, at ¶ 6.) But Plaintiff did not comply with grievance policy and therefore did not exhaust his administrative remedies. *Booth v. Churne*r, 532 U.S. at 741 n.6 ; *see also Jernigan v. Stuchell,*304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the 'available'

3

remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.").

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motions for Summary Judgment as to Plaintiff's inadequate-medical-treatment claims under the Federal Constitution are **GRANTED**. (Docket Entry #s 29 & 37.)

2. Having dismissed Plaintiff's federal claims here, the Court lacks pendent jurisdiction over Plaintiff's medical-malpractice claims under state law, which are **DISMISSED**.

3. With no controversy remaining in this Court, this case is **CLOSED.**

DATED this 21st day of March 2017.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court